GERSHOM BARTOW v. WILLIAM C. MORRIS, Administrator of George Ribble, deceased.

In an action brought against G. B. as surviving executor, upon the suggestion of a devastavit, a certified copy from the minutes of the Orphans Court, of a decree, for the allowance of the account of the executors, unaccompanied by the account itself, is not sufficient evidence of a balance remaining upon the settlement of the account in the hands of the executor.

A duly certified copy of both the decree and the account should be produced by the plaintiff.

The facts and circumstances of this case are stated in the opinion of the court, delivered by the Chief Justice.

EWING, C. J. William C. Morris, as administrator of George Ribble, deceased, obtained judgment on appeal in the Court of Common Pleas of the County of Warren, against Gershom Bartow upon the suggestion of a devastavit, as surviving executor of Andrew Banghart, deceased. Upon the trial, the plaintiff below offered and read in evidence, a judgment against Bartow, as executor, and an execution thereon, with a return of *Nulla bona testatoris* made by the sheriff. He farther offered, and after objection made by the counsel of Bartow, was permitted to produce and read in evidence, a certified copy

Bartow v. Morris.

from the minutes of the Orphans Court of a decree for the allowance of the account of the executors unaccompanied by the account itself. Of this admission, Bartow now complains, and seeks to reverse the judgment.

The design of this evidence was to show, not merely that an account had been settled and allowed in the Orphans Court, but that there was upon the settlement of the account, a balance of $246 08, in the hands of the executors to be disposed of agreeably to the will, and the entry on the minutes recites that this fact appears by the account. This recital was no necessary part of the decree, nor required by the statute to be therein inserted. The account itself was the proper evidence of what appears upon it and is shown by it. It is higher and better evidence than the recital. The decree was the proper evidence that the account, being settled and allowed, was, in the language of the statute, "conclusive on all parties." A duly certified copy of both, should therefore have been produced, for the purpose of the plaintiff. A copy of the decree alone was incompetent.

The answer given by the counsel of the plaintiff below, is, that he had shown enough to charge the executor by the production of the judgment and execution with its return; and that the production of the decree was superfluous and unnecessary. He had proved, he says, sufficient to sustain his action without the decree or the account. We cannot, however, doubt that the fact that the executor had, on the settlement, a balance in hand more than sufficient to satisfy this demand against the estate was a very persuasive inducement with the court to fix on him the charge of a devastavit. And for this purpose it was used by the plaintiff below. But he established the fact by illegal evidence. He cannot be permitted to avail himself of such evidence, to procure a judgment in his favor, and then say he was entitled to success without it. A judgment founded on illegal evidence ought not to be maintained.

FORD, J. and DRAKE, J. concurred.

Let the judgment be reversed.